UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEVETTE WASHINGTON,<br>Plaintiff,<br>v.<br>R. MOORE, et al.,<br>Defendants. | Case No. 3:18-cv-06728-JD<br><br>**ORDER RE MOTION TO DISMISS AND RECUSAL REQUEST**<br><br>Re: Dkt. Nos. 10, 34 |

Pro se plaintiff, Jason Levette Washington, alleges that an October 15, 2018 arrest for trespassing at Fremont High School in Oakland and related events violated his constitutional rights. Dkt. No. 1. Defendants are the school's principal, four Oakland Unified School District police officers ("OUSD defendants"), and Donnie Robinson, the owner of a company that towed plaintiff's car after his arrest. The OUSD defendants filed a motion to dismiss under Rule 12(b)(6). Dkt. No. 10. The Court found the motion suitable for decision on the papers pursuant to Civil Local Rule 7-1(b) and stayed the case pending further order. Dkt. No. 28. Washington subsequently filed an amended complaint, Dkt. No. 29, which defendants moved to strike, Dkt. No. 33. Washington has also filed a document styled as a "Peremptory Challenge of Judicial Officer," which the Court construes as a recusal request. Dkt. No. 34. The original complaint is dismissed, the amended complaint is stricken, and the recusal request is denied.

**I.   MOTION TO DISMISS (DKT. NO. 10)**

Well-established standards govern the motion to dismiss. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility analysis is "context-specific" and not only invites, but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Review is limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007) (citation omitted). The Court liberally construes Washington's pleadings as a pro se plaintiff. *Hebbe v. Piler*, 627 F.3d 338, 342 (9th Cir. 2010).

Several of Washington's claims under state criminal statutes are dismissed for lack of standing, with prejudice. Dkt. No. 1 (Counts 1-8, 64-66). "California law does not authorize private prosecutions." *People v. Eubanks*, 14 Cal. 4th 580, 588 (1996). California Penal Code Sections 148.5 (false police report) and 242 (battery) provide no exception to this general rule.

In contrast, California Penal Code Section 496, which criminalizes receipt of stolen property, and is asserted against defendant Robinson, authorizes a "person who been injured by a violation . . . [to] bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." Cal. Pen. Code § 496(c). The case was stayed before Robinson's responsive pleading was due, so the Court dismisses Claim 80, for receipt of stolen goods, and Claim 81, for deprivation of civil rights under 42 U.S.C. § 1983 against Robinson, without prejudice. Dkt. Nos. 25, 28.

The remaining claims against the OUSD defendants are also dismissed without prejudice. Washington's Section 1983 claims require that he was deprived "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015) (citation omitted). In turn, a Section 1985 claim has as a prerequisite that "a plaintiff must first have a cognizable claim under [Section 1983]." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004). Accepting "the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the plaintiff," Washington has not stated a claim that his constitutional rights were violated. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir. 2018).

The Constitution does not protect Washington's conduct. The Court has already determined that "'school speech' is not analyzed under the traditional First Amendment framework. Rather, a school-specific framework applies" to balance "constitutional rights" and "the safety and well-being of . . . students." *Shen v. Albany Unified Sch. Dist.*, 17-cv-02478-JD, 2017 WL 5890089, at *4 (N.D. Cal. Nov. 29, 2017) (quoting *C.R. v. Eugene Sch. Dist., 4J*, 835 F.3d 1142, 1148 (9th Cir. 2016)). That special framework applies to religious speech, as at issue here. *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 522 (9th Cir. 1994). In addition, as the Supreme Court held in *Employment Division v. Smith*, 494 U.S. 872, 879 (1990), "the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)."

Washington alleges that he played music at a high school and rewarded students "in the form of Capri Sun, Hershey Chocolate Milks, "Gushers" Skittles etc., for reading and retaining verses in the Word of God." Dkt. No. 1 ¶¶ 15, 35. Washington also produced a police report as an exhibit to his complaint where the defendant principal described Washington as obstructing school entrances and reported that "Muslim students at Fremont High School felt offended." *Id.*, Ex. A. Washington does not challenge California's anti-trespassing laws as non-valid and non-neutral laws of general applicability. While his opposition to the motion to dismiss suggests that defendants' actions were motivated by religious animus because food vendors were allowed on campus, this argument is unavailing. Washington does not contest that he interfered with the operations of the school, or contend that the food vendors were similarly disruptive.

## II. REQUEST FOR RECUSAL (DKT. NO. 34)

Plaintiff filed a document captioned as a "Peremptory Challenge of Judicial Officer," which "requests case [*sic*] be reassigned to a United States District Judge subject to the authority of the United States Constitution." Dkt. No. 34. The request is denied. Construed as a motion under 28 U.S.C. § 455, such requests are determined by the judge to whom the motion is directed. *See* 28 U.S.C. § 455(a); *United States v. Tetra Tech EC, Inc.*, Case No. 13-cv-03835-JD, 2019 WL 7938508, at *1 (N.D. Cal. Oct. 25, 2019). The standard for deciding recusal "is an objective one

and asks 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 257 F. Supp. 3d 1084, 1089 (N.D. Cal. 2017), *mandamus denied*, *In re: Ctr. for Med. Progress & Daleiden*, Case No. 17-73313, Dkt. No. 17 (9th Cir. Apr. 30, 2018) (quoting *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008)). A Section 455 motion is evaluated in light of the traditional principle that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does when the law and facts require." *Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (internal quotation omitted).

Plaintiff's request makes vague reference to "several deprivations and violations of judicial ethics during February 7th hearing as described in complaint [*sic*] filed with United States Appeals Court." *Id.* This assertion could not lead any reasonable or thoughtful person to conclude that the Court has pre-judged the merits or lacks impartiality with respect to Washington's claims, and is not supported by the record. The petition was denied by the Ninth Circuit, Dkt. No. 35, and the recusal request is denied.

## CONCLUSION

Counts 1-8, 64-66 of the complaint are dismissed with prejudice. The remaining counts are dismissed without prejudice. The first amended complaint is stricken. At the case management conference, the Court stayed the case, specifying "no amended pleadings should be filed pending further direction from the Court." Dkt. No. 28. The motion to strike, Dkt. No. 33, is terminated.

Washington may file an amended complaint by April 6, 2020, if he so chooses. Failure to meet that deadline will result in dismissal with prejudice under Rule 41(b).

**IT IS SO ORDERED.**

Dated: March 6, 2020

JAMES DONATO
United States District Judge